UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GRACE WANG,

    Plaintiff,

v.

U.S. BANK, NA, as TRUSTEE for CCB LIBOR SERIES 2005-1 TRUST, <u>et al.</u>,

    Defendants.

Case No. 2:10-CV-01741-KJD-PAL

**ORDER**

        Currently before the Court is Defendants' Motion to Dismiss (#13). Plaintiff filed a Response (#15),[1] to which Defendants filed a Reply (#16). Defendants have also filed a Request for Judicial Notice with the Court (#14).

**I. Background**

        On or about October 18, 2004, Grace Wang ("Wang") entered into a loan for $532,000 with Mega Capital Funding, Inc. ("Mega Capital") secured by a Deed of Trust on property located at 1560 Windhaven Circle, Las Vegas, Nevada ("the Property"). On March 15, 2005, an Assignment of

---

[1] Plaintiff's Response makes reference to facts alleged in Plaintiff's Ex-Parte Application for Temporary Restraining Order and Preliminary Injunction and/or Stay Order (#1 Exhibit B). Defendants filed a Response in Opposition (#6), to which Plaintiff filed a Reply (#10). Because this Court grants Defendants' Motion to Dismiss, Plaintiff's Application is moot.

Deed of Trust was recorded which transferred all beneficial interest under the Deed of Trust from Mega Capital to Chevy Chase Bank F.S.B. ("CCB").  Wang made mortgage payments to trustee U.S. Bank, NA ("USB") under notice from CCB and USB ("Defendants").  Wang stopped making mortgage payments, and a Notice of Default and Election to Sell was recorded on January 12, 2010.

Wang was informed that the Property would be placed for auction on May 3, 2010.  On that day, Wang contacted USB and spoke with Roger Fountain ("Fountain"), who allegedly told her that the loan would be reinstated if Wang wired $34,000 to USB.  Wang wired $34,000 to USB two hours prior to the scheduled time of the auction.  The auction still occurred, however, and the Property was repurchased by Defendants.  Defendants subsequently returned the $34,000 to Wang via wire transfer on May 11, 2010.

On July 21, 2010, Wang filed the present Complaint against Defendants in Nevada state court and then filed an Ex-Parte Application for a Temporary Restraining Order and a Preliminary Injunction and/or Stay Order with that court on August 25, 2010.  Defendants then removed the case to this Court on October 7, 2010 on diversity grounds.

**II. Legal Standard**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." Id. The Court therefore began its analysis in both Twombly and Iqbal by discussing the necessary legal elements of the misconduct alleged. Id. at 1947.

Under Iqbal, the Court then examines the actual complaint, first identifying "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations support plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

**III. Judicial Notice of Documents**

Defendants ask the Court to take judicial notice of six documents, or in the alternative, to treat their Motion to Dismiss as a Motion for Summary Judgment. (Motion to Dismiss 5-6.) The documents include the Adjustable Rate Note, Deed of Trust, Second Home Rider, Corporation Assignment of Deed of Trust, Notice of Assignment, and Notice of Default and Election to Sell Under Deed of Trust.

Under the Federal Rules of Evidence, a court may take judicial notice of documents that are either "generally known within the territorial jurisdiction of the trial court," or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Such documents generally include matters of public record. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Nevertheless, the Court may not take notice of disputed facts, even if those facts appear in documents of public record. See id. at 690.

Here, Defendants note that the six documents are all recorded with the Clark County Recorder, and Wang has not disputed the accuracy of any of Defendants' documents. This Court will therefore take judicial notice of the documents.

////////

////////

3

## IV. Analysis

Even when all of the facts alleged by Wang are presumed to be true, the Complaint fails to state a claim because each of her five claims suffers from fatal impediments, including a bar under the statute of frauds, a lack of damages stemming from Defendants' actions and other issues.

### A. Statute of Frauds

Before addressing Wang's claims individually, this Court notes that under the Nevada statute of frauds, "[n]o interest in lands shall be surrendered unless by conveyance in writing subscribed by the party surrendering the same or by his lawful agent thereunto authorized in writing." Summa Corp. v. Greenspun, 96 Nev. 247, 251-52 (Nev. 1980) (citing Nev. Rev. Stat. § 111.205). Notes secured by a deed of trust are covered by the statute of frauds, In re Desert Enterprises, 87 B.R. 631, 634 (Bankr. D. Nev. 1988), so this Court has found that oral agreements to modify such notes are generally disallowed, Tomax v. Wells Fargo Home Mortg., 2011 WL 1157285, at *2 (D. Nev. Mar. 29, 2011). Insofar as all of Wang's claims are based on the theory that her interest in the Property was materially altered by her conversation with Fountain, which created an alteration to the existing agreements or a new agreement binding upon Defendants, all of the claims are barred by the statute of frauds. In addition, each claim also fails for the specific reasons noted below.

### B. Fraud and Misrepresentation

Wang's first claim against Defendants involves fraud and misrepresentation. Under Nevada law, the elements of fraud are as follows:

> 1. A false representation made by the defendant;
> 2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);
> 3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;
> 4. Plaintiff's justifiable reliance upon the misrepresentation; and
> 5. Damage to the plaintiff resulting from such reliance.
>
> Bulbman, Inc. v. Nevada Bell, 108 Nev. 105, 111 (Nev. 1992).

Defendants communicated to Wang through their authorized representative that if Wang wired $34,000 the auction would be averted; Defendants still held the auction, though, even after Wang wired the money. The facts alleged therefore can plausibly meet the first requirement, and may also be taken to meet the second, third, and fourth requirements. However, Wang admits that the foreclosure auction was the result of her own failure to make the mortgage payments, a fault which occurred independently from and in advance of the discussion with Fountain. The damages claimed by Wang, such as the impending loss of her house, do not therefore result from her reliance on Fountain's statement, but rather from her failure to make her payments. Since the Complaint does not allege facts showing that the damage to Wang resulted from her reliance on Fountain's statement, the first claim must be dismissed.

**C. Breach of the Covenant to Act in Good Faith**

Wang claims next that Defendants had an obligation to act in good faith toward her under N.R.S. § 104.1304, the Nevada codification of the Uniform Commercial Code, and that their actions violate this obligation. Wang therefore asks for the remedies provided for under N.R.S. § 104.9625.

However, as this Court has noted previously, the remedies available under N.R.S. § 104.9625 "apply to secured transactions, not real estate transactions." Alexander v. Aurora Loan Services, No. 2:09-CV-1790, 2010 WL 2773796, at *4 (D.Nev. July 8, 2010). Article 9 of the Nevada U.C.C. expressly "does not apply to . . . the creation or transfer of an interest in or lien on real property . . . ." N.R.S. § 104.9109(4)(k). In fact, the U.C.C. generally does not apply to real property. In re Seaway Express Corp., 912 F.2d 1125, 1127 (9th Cir. 1990). The remedies requested by Wang are therefore inapplicable to this case and the second claim must be dismissed.

**D. Preliminary and Permanent Injunctive Relief**

Wang's third claim against Defendants, for preliminary and permanent injunctive relief, is actually a remedy and not an independent cause of action. The third claim is therefore also dismissed.

**E. Unlawful Foreclosure and Declaratory Relief**

The first portion of Wang's fourth claim against Defendants is for unlawful foreclosure. Under Nevada law, "wrongful foreclosure will lie if . . . at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Fed. Sav. & Loan Ass'n, 99 Nev. 284, 304 (Nev. 1983). However, Wang admits that the foreclosure auction was the result of her own failure to make the mortgage payments. Since Wang's only argument that her default on the loan was cured stems from her oral agreement with Fountain and is therefore barred by the statute of frauds, as discussed above, the first part of the claim must be dismissed.

The second portion of Wang's fourth claim against Defendants, for declaratory relief, is actually a remedy and not an independent cause of action. The second portion of the fourth claim is therefore dismissed.

**F. Negligence**

Under Nevada law, a negligence claim must establish four elements: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." Sanchez v. Wal-Mart Stores, Inc., 221 P.3d 1276, 1280 (Nev. 2009). Wang claims that Defendants owed a duty to place her interest above their own and to "deal honestly, directly, and accurately" with her, but does not explain the source of that duty. (Complaint 9.) This Court has previously held that while "[a] lender generally owes no duty of care to its borrower," that is only true in the lender's capacity as a mere lender of money, and that specific statutes governing foreclosure provide the duty of care necessary in that context. Weingartner v. Chase Home Fin., LLC, 702 F. Supp. 2d 1276, 1290 (D. Nev. 2010).

In Nevada the specific statutes are sections 107.080-.100 of the Nevada Revised Statutes, covering deeds of trust and in cases of default and sale. These sections dictate that the foreclosure process begin with the recording of a notice of default and election to sell by the trustee. NRS §

107.080(3). After the notice of default is recorded, the grantor has 35 days or, in the case of owner-occupied housing, up to 5 days before the foreclosure sale, in which to cure the deficiency in payment. Three months after recording the notice of default, a foreclosure sale may be conducted. NRS § 107.080(2)(d). However, the trustee must first give notice of the time and place of the sale. NRS § 107.080(4). At the appointed time and place, a sale is conducted, monies are bid, and a trustee's deed is issued.

Although the Complaint does not specify when and how the foreclosure process occurred, documents in the public record indicate that the notice of default was recorded on January 12, 2010. The Complaint does specify that the sale was conducted on May 3, 2010, and that Wang did not attempt to cure the deficiency in payment until immediately prior to the sale on that same day. These facts indicate that Defendants followed their duty of care under the foreclosure statutes, and Wang does not make any specific allegations to the contrary. Although the Complaint may be construed to be arguing that Wang cured the deficiency in payment by upholding her part of the oral agreement with Fountain, that argument does not comply with the time frame to cure allowed by the foreclosure statutes. The argument also suffers from the same impediments discussed above related to the statute of frauds and the causation of damages. The Complaint therefore fails to state a claim for negligence, and that claim is dismissed as well.

## V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#13) is **GRANTED**.

DATED this 6th day of June 2011.

_____
Kent J. Dawson
United States District Judge

7